UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 30, 2008

MEMO TO COUNSEL RE:   Jerrod Harris v. DMMI Promotions, Inc.
Civil No. JFM-06-2017

Dear Counsel:

I have reviewed the memoranda submitted in connection with the pending motions. My rulings are as follows: (1) ChoicePoint's motion for summary judgment on statute of limitations grounds is denied; (2) ChoicePoint's motion for summary judgment on other grounds is denied without prejudice; (3) plaintiff's motion for partial summary judgment is denied without prejudice; and (4) plaintiff's motion for class certification is administratively closed subject to further briefing on the renewed summary judgment motions.

ChoicePoint's Limitations Motion

ChoicePoint's motion for summary judgment on limitations grounds made sense when the claim that plaintiffs was pursuing was based upon representations made within the four corners of the flyer sent to plaintiff. Plaintiff has, however, abandoned that claim and is now proceeding on the basis that no "firm offer of credit" existed at the time his credit information was wrongfully obtained because no lender had then agreed to make an offer of credit to plaintiff (assuming that he continued to meet the preselection criteria). Plaintiff did not learn that no such lender existed until October 25, 2006 when he received an affidavit from Virtual Lending that it had no involvement in the subject transaction. Plaintiff did not learn of ChoicePoint's alleged involvement until three or four months later, in February 2007. Plaintiff filed his second amended complaint naming ChoicePoint as the defendant on August 8, 2007. This was well within the two year limitations period established by the Fair Credit Reporting Act, which is triggered when plaintiff discovers the violation upon which he is suing. 15 U.S.C. §1681(p).

ChoicePoint's Motion for Summary Judgment on Other Grounds and
Plaintiff's Motion for Partial Summary Judgment

I am persuaded that the theory upon which plaintiff is now proceeding - that there can be no "firm offer of credit" where there is no lender - is sound. *Villagran v. Freeway Ford Ltd.*, 525 F. Supp. 2d 819 (S.D. Tex. 2000) is distinguishable because there the record established that the car dealer had itself agreed to finance the loans offered in the flyer sent to consumers. All that the court held in *Villagran* was that in light of this commitment the flyer did not have to disclose the identity of any lender from which the car dealer itself would attempt to obtain financing. In

contrast, in the present case there is no evidence that Foreign Motors Suzuki (or any other person) had agreed to make a firm offer of credit to plaintiff when his credit information was accessed.

That said, I am not prepared on the state of the present briefing to decide whether ChoicePoint is (or may be) liable to plaintiff. Because the issues have evolved somewhat erratically during the course of the litigation when other parties were still defendants, your briefs are not as clear as they might be on such questions as whether there is a genuine dispute of material fact as to whether Virtual Lending had made a firm offer of credit (perhaps through Nameseeker), whether ChoicePoint in good faith could believe that Nameseeker was making a firm offer of credit and, if ChoicePoint had such a good faith belief, that belief would present ChoicePoint with a complete defense. Therefore, I deny the pending cross-motions for summary judgment and set the following schedule for the renewal of your summary judgment motions:

| | |
|---|---|
| October 31, 2008 | Deadline for ChoicePoint to file renewed motion for summary judgment |
| November 25, 2008 | Deadline for plaintiff to file opposition to ChoicePoint's renewed summary judgment motion and a renewed cross-motion for summary judgment |
| December 19, 2008 | Deadline for ChoicePoint to file opposition/reply |
| January 9, 2009 | Deadline for plaintiff to file a reply |

Please confer with one another and determine whether this schedule is convenient for you. If not, I will make any reasonable modifications to it.

<u>Plaintiff's Motion for Class Certification</u>

It may well be that I will eventually grant plaintiff's motion for class certification. However, I am not prepared to rule upon the motion until I have a better grasp of the issue of ChoicePoint's liability to plaintiff. Therefore, I will administratively close plaintiff's motion for class certification subject to it being reopened, either by plaintiff or myself, after I have considered your renewed summary judgment motions. The closing of the class certification motion is solely for administrative purposes, and the motion shall be deemed to remain pending for the purpose of tolling the limitations period for any potential class members.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge